UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

J.D. THOMPSON                                              CIVIL ACTION

VERSUS                                                     NUMBER: 14-1787

WASHINGTON PARISH SHERIFF'S                                SECTION: "N"(5)
OFFICE, ET AL.

## REPORT AND RECOMMENDATION

Presently before the Court is the Rule 12(b)(6) motion to dismiss of named Defendant, the Washington Parish Sheriff's Office ("WPSO"), and Plaintiff's opposition thereto. (Rec. docs. 19, 22). For the reasons that follow, it is recommended that Defendant's motion be granted.

Plaintiff, an inmate of the Washington Parish Jail ("WPJ"), brought this lawsuit against Defendants, the WPSO, Sheriff Randy Seal, Captain/Warden Jim Miller, and Nurse Wanda Jones, complaining of various conditions of confinement allegedly existing at said penal facility. (Rec. doc. 3). By way of its present motion, WPSO moves for the dismissal of Plaintiff's claims against it, arguing that it lacks the capacity to be sued. (Rec. doc. 19). Although Plaintiff has filed a multi-page response to WPSO's motion (rec. doc. 22), that response contains no meaningful discussion that addresses the narrow legal issue raised by the Defendant's motion. Of course, on a Rule 12(b)(6) motion like the one *sub judice*, the appropriate standard is whether the facts pled by Plaintiff have sufficient facial plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009).

Defendant is correct that in Louisiana, a ". . . sheriff's office is not a legal entity capable of being sued . . ." *Cozzo v. Tangipahoa Parish Council – President Government*, 279 F.3d 273, 283 (5th Cir. 2002); *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp.2d 545, 548 (E.D. La. 2009); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D. La. 2001); *Ruggiero v. Lithfield*, 700 F.Supp. 863, 865 (M.D. La. 1988).  In light of these authorities, it will be recommended that Defendant's motion be granted and that Plaintiff's claims against it be dismissed.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Defendant's Rule 12(b)(6) motion be granted and that Plaintiff's claims against the Washington Parish Sheriff's Office be dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this  26th  day of             November           , 2014.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE