UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

J. D. THOMPSON                                          CIVIL ACTION

VERSUS                                                  NUMBER: 14-1787

WASHINGTON PARISH                                       SECTION: "N"(5)
SHERIFF'S OFFICE, ET AL.

**REPORT AND RECOMMENDATION**

      This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, J. D. Thompson, against Defendants, the Washington Parish Sheriff's Office ("WPSO"), Sheriff Randy Seal, Warden Jim Miller, and Nurse Wanda Jones of the Washington Parish Jail ("WPJ"). (Rec. doc. 3). Plaintiff, an inmate of WPJ at the time that suit was filed, complained of the adequacy of the medical care that he received at that penal facility. (*Id.*).

      Following initial motion practice which resulted in the dismissal of WPSO from this lawsuit (rec. docs. 23, 29) and the filing of Plaintiff's response to the Court's Briefing Order (rec. docs. 36, 37), Plaintiff submitted a notice of change of address advising that he had been transferred to the Union Parish Detention Center ("UPDC") in Farmerville, Louisiana. (Rec. doc. 39). Thereafter, a preliminary conference via telephone was scheduled for July 30, 2015 at 1:00 p.m. for the primary purpose of determining whether all parties were willing to consent to proceed to trial before the undersigned pursuant to 28 U.S.C. §636(c). (Rec. doc. 40). The preliminary conference ultimately went forward on the designated date and time, during which Plaintiff and counsel for Defendants expressed their willingness to consent to proceed under §636(c). (Rec. doc. 42). To memorialize the parties' election in that regard, and as was discussed during the course of the conference, Plaintiff was mailed,

along with a copy of the Court's minute entry from July 30, 2015, the required form patterned after that prescribed by Rule 84, Form 81, of the Federal Rules of Civil Procedure ("Consent Form"), with instructions for him to date and sign the form and to return it to the Court by August 21, 2015, so that it could then be forwarded to defense counsel for his execution. (*Id.*). Copies of the Court's minute entry and the Consent Form that were mailed to Plaintiff at his address of record, UPDC, were subsequently returned as undeliverable as Plaintiff is apparently no longer housed at that facility. (Rec. docs. 43, 44). As such, the Court's order directing Plaintiff to execute and return the Consent Form has not been complied with. It has now been over 35 days since the first of those pieces of mail was returned to the Court as undeliverable and no address update has been forthcoming from Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkman v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987); *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 544-45 (5th Cir. 1978). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's orders. *Markwall v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986). As Plaintiff is proceeding *pro se* in this matter, the Court must consider his action/inaction alone in considering dismissal of this case under Rule 41(b).

In addition, Local Rule 11.1 provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change."  Local Rule 41.3.1 further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of a current . . . postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return."  The foregoing Rules impose an affirmative obligation on parties to keep the court apprised of their current mailing addresses and relieves court personnel of that burden.  *See Lewis v. Hardy*, 248 Fed.Appx. 589, 593 n. 1 (5th Cir. 2007), *cert. denied*, 552 U.S. 1246, 128 S.Ct. 1479 (2008); *Thomas v. Parker*, No. 07-CV-9450, 2008 WL 782547 (E.D. La. March 19, 2008); *Batiste v. Gusman*, No. 07-CV-1136, 2007 WL 1852026 (E.D. La. June 26, 2007).  The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail."  *Perkins v. King*, 759 F.2d 19 (5th Cir. 1985)(table).[1/]

The Court has endeavored to take those steps that were necessary to place Plaintiff's case in a proper posture to be litigated to its completion.  Unfortunately, those efforts have been thwarted principally due to Plaintiff's failure to keep the Court informed as to his current mailing address as required by Local Rule 11.1.  Plaintiff acknowledged his obligation in that regard when he signed his complaint, the eighth page of which states that

---

[1/] While the majority of information between the Court and litigants is now transmitted electronically via the CM/ECF system, communications between the Court and *pro se* prisoners are still conducted primarily by mail.

3

"I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 3, p. 8). Although Plaintiff may have no control over his transfer from one jail facility to another, the Local Rules and case law cited above put the obligation squarely on him to promptly notify the Court of any change in his mailing address. In addition, the Court's minute entry of July 30, 2015 was simply a memorialization of what transpired during the course of the preliminary conference. Having participated in that conference, Plaintiff was well aware that the Consent Form was being mailed to him for his prompt execution and return to the Court. Plaintiff's failure to do so evidences a disregard of the Court's orders. Finally, as a result of Plaintiff's inaction and through no fault of their own, the Defendants have unfairly been cast into what is effectively a "litigation limbo" while they wait for Plaintiff to surface and continue with the prosecution of the lawsuit. For these reasons, it will be recommended that Plaintiff's lawsuit be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P. and Local Rule 41.3.1.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's lawsuit be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P., and Local Rule 41.3.1.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __25th__ day of _____September_____, 2015.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE